IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| Jessica Riley, | ) | Civil Action No. 2:07-0070-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| City of Charleston Police Department, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Jessica Riley ("Plaintiff") brings this action against her former employer, the City of Charleston Police Department ("Defendant"), alleging gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and a state law claim for breach of contract.

This matter is before the court on Defendant's motion for summary judgment, filed with this court on July 24, 2007. Plaintiff filed a response to the motion on August 23, 2007, and Defendant replied on August 30, 2007.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Robert S. Carr for a Report and Recommendation. The Magistrate Judge conducted a summary judgment hearing on September 19, 2007, during which Plaintiff withdrew her cause of action for breach of contract. The Magistrate Judge filed a Report and Recommendation on November 19, 2007, recommending that Defendant's motion for summary judgment be granted because Plaintiff failed to demonstrate that she suffered an adverse employment

action. On December 9, 2007, Plaintiff filed objections to the Report and Recommendation. On December 21, 2007, Defendant replied to Plaintiff's objections.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portion of the Report and Recommendation to which a specific objection is made. The court is not obligated to conduct a de novo review of the Magistrate Judge's Report "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I.  FACTS

The facts are set forth fully in the Magistrate Judge's Report. Briefly, Plaintiff began work with Defendant as a police officer on April 2, 2001. In May 2005, Plaintiff became pregnant and informed her supervisor, Lt. Craven, that she no longer felt comfortable doing patrol work because it might endanger her unborn child. Plaintiff and Lt. Craven discussed Plaintiff's options for transfer, and Lt. Craven informed Plaintiff that Plaintiff's pregnancy would be inconvenient because Defendant was short on staff. Plaintiff miscarried a few days later.

In July 2005, Plaintiff became pregnant again. Plaintiff again discussed her transfer options with Lt. Craven. Plaintiff sought a transfer to a position that would be safe for her unborn child, but would also be a "sworn officer" position, as opposed to a "civilian" position with Defendant. Lt.

Craven presented Plaintiff with two options. First, Plaintiff could transfer to dispatch, which would be relatively safe but not a "sworn officer" position. Second, Plaintiff could transfer to prisoner identification, which was a "sworn officer" position, but presented potential health risks for Plaintiff's unborn child. Plaintiff chose to accept the transfer to dispatch, and pursuant to her supervisor's instructions, filled out an "Administrative Action" form formally requesting the transfer. Plaintiff started work in dispatch on August 25, 2005.

In September 2005, Sgt. David Boylston approached Plaintiff to inform her that he needed help in the Internal Affairs division. Plaintiff informed Sgt. Boylston that dispatch was stressful and that she would prefer to be in Internal Affairs. On October 25, 2005, Plaintiff approached Lt. Naomi Broughton and told her that dispatch was stressful and she was worried about how the stress might affect her unborn child. Plaintiff requested to be transferred to Internal Affairs, and her request was granted. Plaintiff worked in Internal Affairs until she requested twelve weeks of leave, pursuant to the Family and Medical Leave Act ("FMLA"), on March 17, 2006.

When Plaintiff's FMLA leave expired on June 14, 2006, Plaintiff requested and received an additional ninety day leave of absence pursuant to the City of Charleston's discretionary leave policy. On August 20, 2006, prior to the expiration of the ninety day extension, Plaintiff filed a charge of discrimination. On August 21, 2006, Plaintiff submitted a resignation letter to Defendant. Plaintiff received a Right to Sue letter on August 31, 2006. Plaintiff has not sought re-employment with Defendant.

## II. DISCUSSION

Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be

rendered when a moving party has shown "[that] the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The moving party bears the burden of proving that there are no facts from which a jury could draw inferences favorable to the non-moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. Id. Summary judgment should only be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. McKinney v. Bd. of Trustees of Mayland Cmty. College, 955 F.2d 924, 928 (4th Cir. 1992).

The Magistrate Judge recommended that Defendant's motion for summary judgment be granted as to Plaintiff's claims for discrimination and retaliation because Plaintiff failed to demonstrate that she suffered an adverse employment action.[1] In her response to Defendant's motion for summary judgment, Plaintiff listed eleven instances of adverse employment actions that presumably support both her substantive discrimination claim and her retaliation claim.[2] However,

---

[1] The prima facie cases for both gender discrimination and retaliation require an employee to show that she suffered an adverse employment action. See Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 188 (4th Cir. 2004) (listing the elements necessary to prove a claim for unlawful retaliation); Love-Lane v. Martin, 355 F.3d 766, 787 (4th Cir. 2004) (listing the elements necessary to prove a claim for disparate treatment).

[2] Alleged adverse actions suffered by Plaintiff, as stated in her Response to Defendant's Motion for Summary Judgment:

at the summary judgment hearing, Plaintiff conceded that ten of these eleven alleged instances were not actionable. Report and Recommendation, p. 14. Plaintiff's sole remaining allegation of an adverse action is that she was provided an improperly working computer monitor. The Magistrate Judge held that Plaintiff's surviving allegation did not constitute a sufficiently adverse action, finding that such an action "is simply not enough for a reasonable jury to conclude that the defendant illegally discriminated against her." Id. at 15.

In her objections, Plaintiff attempts to demonstrate that she suffered an adverse employment action. However, Plaintiff does not direct the court to any specific error in the Magistrate Judge's holding, but instead reargues issues of fact conceded at oral argument and deemed moot by the Magistrate Judge. Plaintiff does not suggest at any point that the Magistrate Judge erred in deeming these points to be conceded. Plaintiff's objections are without merit.

Plaintiff also argues that the Magistrate Judge erred in failing to rely on the facts Plaintiff

---

1. The Plaintiff requested a transfer from patrol and was only offered two positions, Identification and Dispatch, when there were other positions available in the department;
2. Being forced to submit an administration action form when other officers were not required to submit a form;
3. Not being transferred to Internal Affairs in August when requested;
4. Plaintiff was not able to retain her police cruiser or an unmarked police cruiser when others were permitted to keep theirs;
5. The Plaintiff was denied her mock turtlenecks;
6. Plaintiff was denied transfers during her pregnancy;
7. Plaintiff was denied a training program which was requested by her supervisor while she was in Internal Affairs;
8. The Plaintiff did not receive a promotion when she was eligible for the promotion;
9. The Plaintiff was provided an improperly working monitor.
10. Plaintiff's supervisor Sgt. Boyd intentionally delayed signing FMLA paperwork causing the FMLA leave to start late.
11. Listing the Plaintiff as non-rehireable with the department.

provided in her affidavit, which Plaintiff submitted with her response to Defendant's motion for summary judgment. However, the court need not consider whether the Magistrate Judge erred in failing to acknowledge Plaintiff's affidavit. Even if the court were to accept the allegations in Plaintiff's affidavit as true, Plaintiff has failed to demonstrate that she suffered an adverse employment action. Plaintiff's claim therefore fails to withstand summary judgment.

### III. CONCLUSION

For the reasons stated, Defendant's motion for summary judgment is GRANTED. The court adopts and incorporates herein by reference the Report and Recommendation.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
United States District Judge

March 26, 2008

Columbia, South Carolina